IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02754-BNB

NEWTON J. CANTRELL,

    Plaintiff,

v.

T.K. COZZA RHODES, Warden,
D. MCELVOY, N-A Unit Manager,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Newton J. Cantrell, is in the custody of the federal Bureau of Prisons at the Correctional Institution in Florence, Colorado. He has filed *pro se* a Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) asserting a deprivation of his federal statutory rights. Mr. Cantrell as been granted leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Cantrell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Mr. Cantrell will be ordered to file an amended complaint.

    Plaintiff alleges that in late 2013 Defendant McElvoy, his unit manager, informed

Plaintiff that he would not be allowed to correspond with his "wife" because there was no marriage certificate on file and BOP policy does not recognize a traditional Native American marriage. Plaintiff states that he informed Defendant McElvoy and Defendant Warden Cozza Rhodes that Native American marriages do not require a certificate of marriage. Mr. Cantrell alleges that his "wife" died from cancer in March 2014, without any contact from the Plaintiff for several months. He claims that the Defendants' refusal to recognize his Native American traditional marriage violated the 1868 Fort Laramie Treaty, 15 Stat. 635, and the American Indian Religious Freedom Act ("AIRFA"), 42 U.S.C. § 1996.

Mr. Cantrell further alleges that for approximately seven years, eye doctors at the prison informed him that his loss of vision was due to cataracts, but an August 2014 examination outside the prison revealed that the vision impairment was due to a broken blood vessel. Plaintiff alleges that he may have suffered permanent vision loss because of the negligence of unidentified prison eye doctors.

The Complaint is deficient because Congress did not create judicially enforceable individual rights in the AIRFA. *See Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988); *see also Henderson v. Terhune,* 379 F.3d 709, 711 (9th Cir. 2004) ("AIRFA is simply a policy statement and does not create a cause of action or any judicially enforceable individual rights.").

Further, Plaintiff cannot recover damages from the Defendants based on an alleged violation of the 1868 Fort Laramie Treaty because Defendants are not contracting parties to the Treaty, and there is no language in the Treaty that would support a claim for damages against a non-contracting party. *See Skokomish Indian*

*Tribe v. United States*, 410 F.3d 506, 513 (2005).

The Complaint is also deficient because Mr. Cantrell fails to allege facts to show that the named Defendants personally participated in the alleged deprivation of adequate eye care.  Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant, such as Warden Cozza Rhodes, may not be held liable for the unconstitutional conduct of her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, negligent conduct does not violate the Constitution.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (stating that the Eighth Amendment is violated when a prison official acts with deliberate indifference to a substantial risk of serious harm to an inmate).  Accordingly, it is

4

ORDERED that Plaintiff, Newton J. Cantrell, file **within thirty (30) days from the date of this order,** an Amended Complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Cantrell shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Cantrell fails to file an Amended Complaint within the time allowed, some or all of this action may be dismissed without further notice.

DATED October 15, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge